Mason Robert James Hicks

**PLAINTIFF,**

)
)
)
)
)
)
)
)JURY DEMAND
)
)

FILED
NOV 04 2021  DB
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN.

03-21  0837

vs.

**City of Millersville,**
**Melissa Pearce,**
**Blake Riley,**
**Dustin Carr,** State of tennessee, Dee Gay (MH)
**DEFENDANTS**

## COMPLAINT

Comes the Plaintiff, Mason Robert James Hicks pro se. Cause of action against the Defendants would respectfully show to the Court and Jury as follow:

### I. THE PARTIES

1.1     The Plaintiff, Mason Hicks pro se is a resident of Sumner County, Tennessee. Who lives at 1000 Heather Drive Goodlettsville.

1.2     The Defendant, City of Millersville, Tennessee is a government entity organized by the state of Tennessee located in Robertson County, Tennessee, and at all

times relevant to the complaint as well as training of police officers, including Defendant Melissa Pearce, Blake Riley, Dustin Carr (MP)

1.3 The Defendant, Melissa Pearce, is upon information and belief, a resident of Millersville, Sumner County, Tennessee. Defendant Melissa Pearce was, at all times relevant to this Complaint, and was employed as and acting within her scope and capacity as a law enforcement officer for the City of Millersville, Tennessee. Defendant Melissa Pearce is being sued in her individual capacity as well as official capacity at City of Millersville for her failure to perform, neglect of, and deliberate indifference to her duties as a law enforcement officer for the City of Millersville, Tennessee.

1.4 The Defendant, Dustin Carr, is upon information and belief, a resident of Millersville, Sumner County, Tennessee. Defendant Dustin Carr was, at all times relevant to this Complaint, and was employed as and acting within his scope and capacity as a law enforcement officer and assistant chief of police for the City of Millersville, Tennessee. Defendant Dustin Carr is being sued in his individual capacity as well as official capacity at City of Millersville for his failure to perform, neglect of, and deliberate indifference to his duties as a law enforcement officer for the City of Millersville, Tennessee.

1.5 The Defendant, Blake Riley, is upon information and belief, a resident of Ridgetop, Sumner County, Tennessee. Defendant Blake Riley was, at all times relevant to this Complaint, and was employed as and acting within his scope and capacity as a

law enforcement officer for the City of Millersville, Tennessee. Defendant Blake Riley is being sued in his individual capacity as well as official capacity at City of Millersville for his failure to perform, neglect of, and deliberate indifference to his duties as a law enforcement officer for the City of Millersville, Tennessee.

## AI. JURISDICTION

2.1     This Court has jurisdiction over the Federal claims asserted in this action Pursuant to 28 U.S.C. $ 1331 (Federal Question) and $1343 (Civil Rights), as well as 42 U.S.C. $1983. This court has jurisdiction over the State claims asserted in this action pursuant to 28 U.S.C. $1347 (Supplemental), as both the State claims and Federal claims form part of the same controversy.

## BI VENUE

3.1     Venue of this action is proper pursuant to 28 U.S.C. 1391(b) in that the events giving rise to the action occurred within one year of the date of the incident in the Middle District of Tennessee.

## IV NATURE OF THE CASE

4.1     This action arises under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. By means of selective incorporation the Supreme Court of the United States of America has fully incorporated in its entirety the Fourth Amendment of the United States Constitution to be applicable to the states. By means of the Fourteenth Amendment of the United States Constitution and selective incorporation The Supreme Court has in part incorporated the Fifth Amendment of the

United States Constitution and under federal law, specifically, the Civil Rights Act of 1964 (as amended), 42 U.S.C. $ 1983 et seq. for violations of the Constitutional Rights of the Plaintiff.

4.2    The State in particular Tennessee Governmental Tort Liability Act law claims arise under the statute and common law of the State of Tennessee.

## V. FACTS

5.1    On March 18th 20019 at approx. 1213pm Officers with the Millersville Police Dept responded to the area of Heather Dr. on a call of a suspicious person looking in mailboxes and a car. There was no suspect description given at this time

5.2    Officer Melissa Pearce arrived on Heather Dr and contacted Officer Manoloules with the White House Police Dept, who she knew to live on Heather Dr. Officer Pearce then drove through the neighborhood giving Officer Manoloules descriptions of the vehicles that were in the neighborhood to see if there were any that should not be there.

5.3    Officer Melissa Pearce then advises the other officers responding that she was on the phone with a resident of the neighborhood and that there was a black Mercedes in the neighborhood that should not be there. A short time later Officer Blake Riley spotted the vehicle in another neighborhood and was told by Assistant Chief Dustin Carr to stop and identify the driver of the vehicle.

5.4     Officer Melissa Pearce later at a preliminary hearing stated that the resident Manoloules told her that none of the vehicles in the neighborhood were suspicious.

5.5     Officer Melissa Pearce then goes to 998 Heather Dr to talk to the witness to get a description of the suspicious person. The witness, Allison Absher said the suspicious person was a white male, approx. 5'11", slender build and wearing a light grey hoodie that was covering his face.

5.6     Assistant Chief Dustin Carr then stated to Officer Melissa Pearce that he was pretty sure it matched the description of the guy that was in the Mercedes as it passed him. Officer Blake Riley made a traffic stop on the Mercedes and identified the driver as Shawn Stine, a white male, 5'10" weighing 154 lbs. He was then allowed to leave. All officers then returned to 1005 Heather Dr and began to speak to Officer Manoloules, a resident.

5.7     Officer Melissa Pearce will later testify at the preliminary hearing that the driver of the vehicle did not match the limited description the witness gave.

5.8     During this time Mason Hicks who lives at 1000 Heather Dr noticed all the police officers in his neighborhood and went outside to see if he could find out what was going on.

5.9 Officer Melissa Pearce states she noticed Mason Hicks leave his house at 1000 Heather Dr and just on his clothing alone, thought he might be the one who was possibly messing with mailboxes. Mason Hicks was wearing a tan hoodie. Officer Melissa Pearce then took several pictures of Mason Hicks on her cell phone, as he stood by his house at 1000 Heather Dr. and took them to the witness , Allison Absher and showed them to her at her house at 998 Heather Dr. After showing the witness the pictures of Mason Hicks and telling the witness his name , Officer Melissa Pearce stated the witness said,"I'm pretty sure" he was the person she saw. Officer Melissa Pearse then tells the other officers that the witness " believes that is going to be the individual".(referring to showing her Mason Hicks pictures).

5.10 Officer Melissa Pearse asserts the witness Allison Absher told her she saw the suspect look in the mailboxes at 1000 Heather Dr,1003 Heather Dr and 1005 Heather Dr and open the door to the car parked in front of 1000 Heather Dr,

5.11 Officer Melissa Pearce states she then went to each of the addresses and told them Mason Hicks was looking in their mailboxes and did they want to press charges and they all said yes.

5.12 Mason Hicks then walked across the street from his house at 1000 Heather Dr to 1003 Heather Dr to talk to Mrs Conner who he has known for over 12yrs .He was going to attempt to find out what was going on. `when Officer Pearce yelled at him to "stop" that she wanted to talk to him. Mason Hicks told her he doesn't talk to

Millersville Police without a lawyer. Mason Hicks states Officer Pearce then became angry and walked over to him and arrested him, having him put his hands behind his back and putting him in handcuffs. Mason Hicks asked what he was being arrested for and Officer Mellisa Pearce refused to tell him.

5.13  At that time Mason Hicks cell phone began to ring and he asked if he could answer it because it was his mom at which time Officer Melissa Pearce made fun of him in a condescending way and said.."no honey you can't talk to your mommy".He was then transported to the Millersville Police Dept by Officer Blake Riley

5.14  Mason Hicks was transported to the Millersville Police Dept and was sat on a bench while Officer Blake Riley ,under the supervision of Assistant Chief Dustin Carr, wrote the arrest warrant affidavit with the information obtained from Officer Melissa Pearce. While writing the arrest warrant, Assistant Chief Dustin Carr made Officer Blake Riley rewrite the arrest warrant at least once stating.``you can't make it sound like we are having him arrested ,you have to say that they wanted him arrested". Assistant Chief Carr then told Officer Riley talking about if you should write a ticket or make an arrest for a misdemeanor that if he ever questions if he should write a ticket, just don't do it. Implying to just make an arrest.

5.15  Officer Blake Riley's arrest warrant stated officers had spoken to several witnesses and was given a good description of a suspect, it also stated that multiple witnesses identified Mason Hicks as the suspect. The arrest warrant listed no victim or

location of the crime he was being charged with, Mason Hicks was then Transported to Sumner County Jail and held on a $500.00 bond for one count of Tampering With A Mailbox.

5.16  Mason Hicks was arrested for a Misdemeanor that happened outside the presence of the officers.

5.17  On 7/15/19 Mason Hicks appeared in court for his preliminary hearing

5.18  Allison Asbsher (the single witness) testified under oath during Mason Hicks preliminary hearing and stated the following, On March 18th 2019 she saw a suspicious white male in a tan hoodie who was around 5'10" and having a slender build looking into a car and mailboxes.

5.19  She stated his face was covered but she was able to tell he was white because of the color of his hands. She stated she saw him from one house away

5.20  She stated that she saw the subject look in a tan car that was parked on the street in front of the house of the mailbox he was looking in that was on the same side of the street she was on.

5.21  She stated she then saw the subject cross the street and look into one other mailbox. She stated approx. 2.5hrs later she was shown photographs of a person

who Officer Pearce stated was Mason Hicks and asked if that was the subject she saw and she said yes.

5.22   Officer Melissa Pearce also testified under oath in Mason Hicks preliminary hearing and stated the following. Officer Melissa Pearce stated upon arrival on Heather Dr she called a friend who lived in the neighborhood and described the vehicles she saw and he stated they all belonged in the neighborhood.

5.23   Officer Melissa Pearce stated a suspicious car was stopped because it turned into the neighborhood and then left immediately and she thought that was suspicious.

5.24   Officer Melissa Pearce stated the subject in the car did not match the "limited" description of the suspect and was even wearing a realtor jacket but didn't know the color of the jacket because she never made contact with him.

5.25   Officer Melissa Pearce then noticed Mason Hicks exit his residence at 1000 Heather Dr and thought Mason Hicks might be the one "possibly messing with mailboxes" just because of his clothing.

5.26   Officer Melissa Pearce stated the witness ,Allison Abscher drove down to where she was at 1005 Heather Dr and Officer Melissa Pearce then showed her pictures of Mason Hicks (at the same time he was sitting on the curb in front of his

house)and asked her if that was the subject and Allison Absher said she was 100% sure it was him.

5.27    The case was then bound over to the Grand Jury who returned a true bill on four counts of Tampering With A Mailbox.

5.28    On 11/05/20,Mason Hicks four counts of Tampering with a mailbox were dismissed at request of the District Attorney.

5.29    It is upon information and belief through Tn Open Records Act that the Millersville Police Department does not have a policy /training on how or when to conduct photo line ups.

5.30    It is upon information and belief through Tn Open Records Act that the Millersville Police Dept has no policy/training on how or when to make custodial arrest for crimes occurring outside the officers presence.

5.31    It is upon information and belief though the Tn Open Records Act that the Millersville Police Dept has no policy/training on evidence collection and retention.

5.32   The arrest warrant stated there were "multiple" witnesses that gave a "good description "of the suspect and that the "witnesses" were able to identify Mason Hicks as the suspect.

5.33   The affiant asserts there was one witness.

5.34   The affiant asserts that the one witness gave a "limited description" to Officer Melissa Pearce, per Officer Melissa Pearce Preliminary hearing testimony.

5.35   Affiant asserts the witness was shown multiple pictures by Officer Melissa Pearce containing only Mason Hicks

5.36   Affiant asserts that per the witnesses testimony ,Officer Melissa Pearce discussed with the witness that the name of the person in the picture was Mason Hicks

5.37   The affiant asserts after originally being shown the pictures of Mason Hicks she stated to Officer Melissa Pearce that she was "pretty sure"  it was him.

5.38   The affiant asserts Officer Melissa Pearce told other officers the witness, "believes that's going to be him".

5.39   Affiant asserts about an hour after originally showing the witness Mason Hicks Picture and the witness not being able to give positive identification, Officer Melissa Pearce stated the witness drove up to her to give her a phone number and the witness told Officer Melissa Pearce that after seeing Mason Hicks up close(he was on the sidewalk) she was now "100% certain it was him"

5.40   Affiant asserts witness statement contradicts Officer Melissa Pearce Testimony. Witness testified she drove up to Officer Melissa Pearce and she showed the witness the pictures of Mason Hicks again and said is that him ,at the same time Officer Melissa Pearce pointed to Mason Hicks sitting on the curb, this time the witness said yes that was him.

5.41   Affiant asserts the witness was only able to give a description of a white male wearing a light tan hoodie and slender build from approx. 100 ft away and for a short period of time.

5.42   Affiant asserts Officer Melissa Pearce lost, destroyed, or deleted the photographic evidence that was used to show the witness.

<strong>COUNT I<br>(FOURTH AMENDMENT-VIOLATION OF 42 U.S.C.A. $ 1983</strong>

## FALSE ARREST AND MALICIOUS PROSECUTION)

6.1     Plaintiff Mason Hicks was arrested without a warrant and subsequently prosecuted for the crime of Tampering with a mailbox.

6.2     Defendant Melissa Pierce, Blake Riley, Dustin Carr made a warrantless arrest of Plaintiff Mason Hicks and made, participated in, and/or influenced the subsequent prosecution of the Plaintiff.

6.3     The arrest and prosecution of the Plaintiff for Tampering with a mailbox was without any probable cause for the following reasons:.

> a)     The facts that officers Pearce, Riley, and Carr had knowledge of would not lead a reasonable person to believe that Mason Hicks has committed, is committing, or is about to commit a crime; and
>
> b)     The circumstances that officers Pearce, Riley, and Carr had knowledge of would not lead a reasonable person to believe that Mason Hicks has committed, is committing, or is about to commit a crime..

6.4     As a direct and proximate result of the arrest and criminal prosecution of the Plaintiff for Tampering with a mailbox, the Plaintiff was deprived of his liberty.

6.5     The charge of Tampering with a mailbox against the Plaintiff was dismissed on November 5th 2020, at Circuit Court

6.6     Pursuant to statute, Defendant Melissa Pearce, Blake Riley, Dustin Carr are liable to the Plaintiff for special and general compensatory damages, including but not limited to, emotional, physical, economic, and pecuniary damages, and punitive damages, and reasonable attorney's fees and costs.

## COUNT II
### (MUNICIPAL LIABILITY- VIOLATION OF 42 U.S.C.A. $ 1983)

7.1     The conduct of Defendants Melissa Pearce, Blake Riley, Dustin Carr, described above deprived the Plaintiff of the Plaintiff's rights to be free from unreasonable seizures as guaranteed under the Fourth Amendment to the United States Constitution.

7.2     Defendant City of Millersville contemporaneously approved and ratified the conduct and actions of Defendant Melissa Pearce, Blake Riley, Dustin Carr.

7.3     Defendant City of Millersville's customs, policies, procedures, and training were the motivating force behind the arrest and prosecution of Plaintiff Mason Hicks along with other actions that led to violations of Mason Hicks's constitutional rights. The City of Millersville is liable for the unlawful actions of officers Melissa Pierce, Blake Riley, Dustin Carr on all listed counts in this lawsuit because the City has shown a deliberate indifference to the training of its officers.

7.4   It is upon information and belief that the City of Millersville has failed to adequately train its police officers in the most basic of acts that it should be obvious an officer would be required to act on ( not limited to: when to make an arrest on a misdemeanor committed outside an officer's presence, how to determine probable cause, how and when to conduct photo lineups, constitutional law)

7.5   It is upon information and knowledge that the City of Millersville has no such records for policy and procedures pertaining to how and when to conduct photo lineups.

7.6   That by not training and the training that does occur being inadequate for officers on these usual and recurring situations it amounts to deliberate indifference on the part of the City of Millersville.

7.7   The City of Millersville should have known that the failure to train and inadequate training issues would result in constitutional violations.

7.8   The Plaintiff alleges that these violations are the direct cause of all counts in this complaint.

7.9     The Plaintiff further alleges that the City of Millersville through its lack of training and inadequately training is held vicariously liable for the actions of its officers.

7.10    Pursuant to statute, Defendant City of Millersville is liable to the Plaintiff for special and general compensatory damages, including but not limited to, emotional, physical, economic, and pecuniary damages, and punitive damages, and reasonable attorney's fees and costs.

**COUNT III**
**(STATE LAW CLAIMS- FALSE ARREST AND MALICIOUS PROSECUTION)**

8.1     Defendants Melissa Pearce, Blake Riley, Dustin Carr made a warrantless arrest on a misdemeanor offense that occurred outside the presence of an officer in lieu of a citation without reasonable belief that one of eight exceptions existed as laid out in Tenn. Code Ann. §40-7-118 and initiated a criminal prosecution against Plaintiff Mason Hicks based upon an alleged violation of Tenn. Code Ann. § 39-14-412.

8.3     Defendant Melissa Pearce, Blake Riley, Dustin Carr actually knew and/or had reason to know that Plaintiff Mason Hicks had not committed the offense of Tampering with a mailbox and that no factual basis or probable cause existed for Plaintiff being arrested or charged with Tampering with a mailbox.

8.4     With the dismissal of the charges, the suit was resolved in Plaintiff Mason Hicks' favor.

8.5     Defendant Melissa Pearce, Blake Riley, Dustin Carr lacked any probable cause to arrest or charge Plaintiff Mason Hicks with Tampering with a mailbox and was aware that no probable cause existed to arrest or charge Plaintiff Mason Hicks.

8.6     Defendant Melissa Pearce, Blake Riley, Dustin Carr also failed to make a reasonable investigation concerning any allegations made against Plaintiff Mason Hicks by third parties and failed to consider a reasonable alternate suspect that was made contact with or that Plaintiff Mason Hicks had not committed any crime.

8.7     Defendant Melissa Pearce, Blake Rively, Dustin Carr, however, arrested and charged Plaintiff Mason Hicks with Tampering with a mailbox anyway with malice knowing there was no probable cause or with a reckless disregard of whether probable cause existed.

8.8 Plaintiff Mason Hicks' arrest for Mailbox tampering was unlawful.

8.9 Furthermore, the lack of probable cause also creates a rebuttable presumption of malice.

8.10  Plaintiff Mason Hicks' suffered damages based upon Defendant Melissa Pierce, Blake Lively, Dustin Carr actions.

## DAMAGES

9.1  As a direct and proximate result of the unlawful conduct of the Defendants as described above, Plaintiff Mason Hicks experienced significant emotional suffering; damage to his reputation; and the embarrassment and humiliation of publicly being arrested and prosecuted for Mailbox tampering.

9.2 As a direct and proximate result of the unlawful conduct of the Defendants as described above, the Plaintiff Mason Hicks has experienced significant mental anguish.

9.3 As a direct and proximate result of the unlawful conduct of the Defendants as described above, the Plaintiff has suffered impairment to his income.

9.4 As a direct and proximate result of the unlawful conduct of the Defendants as described above, the Plaintiff was arrested, had to make bond to be released from jail, and had to hire an attorney to successfully have the criminal charge against him dismissed.

9.5 As a direct and proximate result of the unlawful conduct of the Defendants as described above, the Plaintiff Jennifer Litton has incurred attorney fees from actions separate from this action but originating from said incident.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully demands judgment against Defendants, and each of them, jointly and severally as follows:

> 2. That proper process issue and be served upon the Defendants, requiring them to answer this Complaint within the time required by law;
>
> 3. That the Plaintiff be awarded a judgment for compensatory damages in an amount to be determined by the trier of fact not to exceed the maximum amount allowed by law;
>
> 4. That the Plaintiff be awarded a judgment for punitive damages in an amount that is necessary to punish the Defendants and to deter others from committing similar wrongs in the future;
>
> 5. That the Plaintiff be awarded his costs, litigation costs, discretionary costs, pre-and post-judgment interest, and attorney's fees pursuant to 42 U.S.C. §1988; and

6. That the Plaintiff be granted such other, further, and general relief as to which they are entitled.

Respectfully Submitted,

*[signatures]*