# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **MASON ROBERT JAMES HICKS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:21-cv-00837** |
| | ) | **Judge Aleta A. Trauger** |
| **CITY OF MILLERSVILLE et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM and ORDER

Before the court are the Objections (Doc. No. 54) filed by defendants Melissa Pearce and Blakey Riley to the Report and Recommendation ("R&R") (Doc. No. 53) issued by Magistrate Judge Newbern, recommending, as relevant here, that the Motion to Dismiss (Doc. No. 24) filed by Pearce and Riley be granted in part and denied in part. For the reasons set forth herein, the court will overrule the Objections and accept the R&R in its entirety.

## I. PROCEDURAL HISTORY

Plaintiff Mason Robert James Hicks filed this lawsuit, asserting claims for false arrest and malicious prosecution under 42 U.S.C. § 1983 and Tennessee law, based on his arrest and prosecution for mailbox tampering. (Doc. No. 1.) In addition to claims against Pearce and Riley, who are police officers with the Millersville, Tennessee Police Department, the plaintiff sues Judge Dee David Gay, the State of Tennessee, the City of Millersville, and Millersville Assistant Police Chief Dustin Carr.[1] (*Id.*) In the R&R that is the subject of the present Objections, the Magistrate

---

[1] Carr and the City of Millersville filed Answers to the Complaint, and the City of Millersville has subsequently filed a Motion for Summary Judgment, which has also been referred to the Magistrate Judge and remains pending.

Judge recommends that the Motion to Dismiss filed by the State of Tennessee and Judge Gay be granted in its entirety and that the claims against those defendants be dismissed. Hicks did not file a response in opposition to that motion, nor did he file timely objections to the R&R's recommendation that the claims against those defendants be dismissed. Accordingly, the court will accept that part of the R&R without analysis and will dismiss the claims against those defendants.

The R&R also recommends that the false arrest claims against Pearce and Riley, under both § 1983 and state law, be dismissed as barred by the statute of limitations. Hicks has not filed timely objections to that recommendation, which, accordingly, the court will accept without analysis.

The R&R further recommends that Pearce and Riley's Motion to Dismiss be denied in part, insofar as it seeks dismissal of the § 1983 and state law malicious prosecution claims against Pearce and Riley. The defendants' Objections are addressed to this portion of the R&R. They argue that:

> (1) the Complaint alleges no facts that would support a claim against Riley for malicious prosecution under federal law, and the R&R errs insofar as it recommends that the court deny the Motion to Dismiss as to that claim (Doc. No. 54, at 2–4);
>
> (2) the plaintiff abandoned his state law malicious prosecution claim against Riley by failing to respond to Riley's arguments in support of dismissal of that claim (*id.* at 4–5);
>
> (3) as to both Pearce and Riley, the Magistrate Judge erred in developing the plaintiff's arguments for him and in finding that the plaintiff is not barred by collateral estoppel or issue preclusion from litigating his malicious prosecution claims under state and federal law (*id.* at 5–10); and
>
> (4) the Magistrate Judge erred in refusing to consider the transcript of the preliminary hearing (*id.* at 10–11).

The plaintiff has not yet filed a response to the Objections.[2]

---

[2] The plaintiff's response to the Objections is not due until September 20, 2022, at the earliest. Because the court will overrule the Objections, there is no compelling reason to wait for a response.

## II.     STANDARD OF REVIEW

Within fourteen days after being served with a report and recommendation as to a dispositive matter, any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

However, the district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151.

Finally, district judges generally will not entertain issues and arguments that appear for the first time in objections to a magistrate judge's report and recommendation. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see also Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 & n.2 (6th Cir. 2010) (declining to review an issue that the district judge did not consider because it was not presented to the magistrate judge); *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *1 (6th Cir. May 5, 2010) (concluding that a plaintiff waived a claim by failing to raise it before the magistrate judge).

## III.    DISCUSSION

This discussion presumes familiarity with the facts alleged in the Complaint, a comprehensive summary of which is included in the R&R. The court incorporates by reference that factual summary (Doc. No. 53, at 2–4) and summarizes herein only those facts necessary for resolution of the Objections.

## A.      Federal Malicious Prosecution Claim Against Riley

The defendants argue that Riley's alleged involvement in Hicks's arrest and the swearing out of the arrest warrant, standing alone, is insufficient to support a claim of malicious prosecution against him and that the R&R erroneously concludes to the contrary. The court is not persuaded.

Under federal law, a plaintiff must prove four elements to establish a malicious prosecution claim: (1) a criminal prosecution was initiated against the plaintiff, and the defendant made, influenced, or participated in the prosecution decision; (2) there was no probable cause to support the charges; (3) as a result of the legal proceedings, the plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) the criminal proceedings ended without a conviction. *Thompson v. Clark*, 142 S. Ct. 1332 (2022); *Miller v. Maddox*, 866 F.3d 386, 389 (6th Cir. 2017); *Sykes v. Anderson*, 625 F.3d 294, 308–09 (6th Cir. 2010).

At issue here is the first element: whether the allegations in the Complaint are sufficient to establish that defendant Blake Riley "made, influenced, or participated in the decision to prosecute" the plaintiff. Regarding that element, the Sixth Circuit has explained that, "because we construe participation in light of traditional 'tort causation principles,' the [defendant] must have done more than passively cooperate." *Novak v. City of Parma*, 33 F.4th 296, 307 (6th Cir. 2022) (quoting *Sykes*, 625 F.3d at 308 n.5). Thus, a plaintiff must show that the defendant "aided in the decision to prosecute." *Id.*

In *Sykes*, the Sixth Circuit closely considered "what role an investigating officer must play in initiating a prosecution such that liability for a malicious prosecution is warranted." 625 F.3d at 311. In *Sykes*, as here, two different police officers were sued for malicious prosecution, only one of whom was alleged to have testified at the preliminary hearing. Regarding the second, the plaintiffs' claim was premised on alleged "affirmative misrepresentations and omissions in [the officer's] arrest-warrant application and investigative report." *Id.* at 314. The court ultimately held

that, to show that the second officer could be liable for malicious prosecution, the plaintiffs were "required to present some evidence that the impact of [the officer's] misstatements and falsehoods in his investigatory materials extended beyond the Plaintiffs' initial arrest and ultimately influenced the Plaintiffs' continued detention." *Id.* at 316. Even where the officer had not presented false evidence at the preliminary hearing, evidence that he had nonetheless influenced the decision to prosecute could include "knowing misstatements . . . to the prosecutor" or the exertion of "pressure or influence over an individual who either made the decision to prosecute or testified at the preliminary hearing." *Id.* (internal quotation marks and citations omitted). In *Sykes*, that standard was met, because it was clear that the prosecutors were in possession of, and had clearly relied on, the officer's investigatory materials containing knowingly false representations implicating the plaintiffs.

In this case, the allegations in the Complaint concerning Riley—as opposed to Pearce— are as follows: (1) Riley made a traffic stop on a black Mercedes and allowed the driver to leave after identifying him (Compl. ¶ 5.6); (2) Riley transported Hicks to the Millersville Police Department after Pearce arrested him (*id.* ¶ 5.13); (3) Riley, "under the supervision of Assistant Chief Dustin Carr," wrote the arrest warrant affidavit with information obtained from Officer Melissa Pearce (*id.* ¶ 5.14); and (4) at Carr's direction, Riley modified the arrest warrant affidavit to state, not that "we are having him arrested" but that "they wanted him arrested" (*id.*). The Complaint alleges that the arrest warrant affidavit contained false information, insofar as it stated that "multiple" witnesses described the suspect and were able to identify Hicks as the suspect, when in reality there was only one witness, and she was able only to give a "limited description" of the suspect. (*Id.* ¶¶ 5.15, 5.32–5.34.) The Complaint, broadly construed, also gives rise to an inference that Riley knew that the arrest warrant affidavit contained false statements. Based on the

arrest warrant, Hicks was charged with one count of mailbox tampering, taken to the Sumner County Jail, and held on a $500 bond. (Compl. ¶ 5.15.) He was later prosecuted, but all charges against him were eventually dismissed.

Under these circumstances, for purposes of the Motion to Dismiss on behalf of Riley, the court finds that the Complaint adequately alleges, or gives rise to a reasonable inference, that the decisions to detain Hicks beyond his initial arrest and to proceed with the prosecution were premised, at least in part, upon the knowingly false statements set forth in Riley's arrest warrant affidavit. *Accord Wright v. City of Euclid*, 962 F.3d 852, 876 (6th Cir. 2020) (finding that defendant officers' false statements in support of the plaintiff's arrest established "their requisite involvement in his prosecution" for purposes of the malicious prosecution claim). Thus, these allegations are sufficient to support a claim for malicious prosecution against Riley.

The defendants also appear to be attempting to raise, somewhat indirectly, a statute of limitations argument in relation to the malicious prosecution claim. They state: "any damages which Plaintiff allegedly accrued prior to his preliminary hearing on July 15, 2019 could only be remedied by his barred false arrest claim." (Doc. No. 54, at 4.) To be clear: *claims* are barred by statutes of limitations, not damages. As the defendants also acknowledge, the plaintiff's claim for malicious prosecution accrued, for purposes of the running of the statute of limitations, when the criminal charges against him were dismissed. That he might have accrued damages associated with the malicious prosecution before that date would not affect his ability to recover for such damages.

The court accepts and adopts the Magistrate Judge's reasoning in the R&R and, therefore, will deny the Motion to Dismiss, insofar as it is addressed to the § 1983 malicious prosecution claim against Riley.

**B.      State Law Malicious Prosecution Claim Against Riley**

The court finds that the Magistrate Judge did not err in concluding that the plaintiff did not abandon his state law malicious prosecution claim or in finding that the plaintiff actually responded to the substance of the defendants' arguments. (Doc. No. 53, at 13 n.5.) As for the substance of the Objection, the defendants simply rehash arguments already made in support of their Motion to Dismiss without actually pointing out how the R&R's legal conclusion is in error.

Regardless, the court also finds that the Tennessee state courts' definition of the elements of a state law malicious prosecution claim is not as narrow as the defendants assert. Under Tennessee law,

> [t]he essential elements of an action for malicious prosecution are that a prior suit or judicial proceeding has (1) been instituted and finally determined in favor of the plaintiff, (2) brought through malice on the defendant's part, and (3) without probable cause.

*Kauffman v. A. H. Robins Co.*, 448 S.W.2d 400, 402 (Tenn. 1969). The defendants argue that there is no evidence that Riley "brought the action" against him. With regard to that element, the Tennessee Court of Appeals has explained that

> [o]ne who causes a third person to institute a wrongful prosecution may be held liable in damages to the party injured to the same extent as if he or she had directly instituted the proceedings. Thus, a person is liable for malicious prosecution even though he or she did not personally sign the complaint that initiates the proceeding or did not file a direct charge.

*Thompson v. Hamm*, No. W2015-00004-COA–R3CV, 2015 WL 7234539, at *4–5 (Tenn. Ct. App. Nov. 17, 2015). In this case, the same facts that support the federal malicious prosecution claim are sufficient to support the state law claim: by (allegedly) knowingly supplying false facts on the affidavit in support of the arrest warrant, Riley intentionally put into motion the machinery that led to Hicks's prosecution and, therefore, may be liable for bringing the action. Riley is not entitled to the dismissal of this claim.

### C.      Collateral Estoppel/Issue Preclusion

The defendants' arguments in support of the application of collateral estoppel in their Memorandum in support of the Motion to Dismiss overlook almost entirely the plaintiff's allegations that Riley's arrest warrant was based on knowingly false statements and that Pearce provided knowingly false testimony at Hicks's preliminary hearing. In *Sykes*, the Sixth Circuit reiterated that, when a malicious prosecution claim "'is based on a police officer's supplying false information to establish probable cause,' the determination of probable cause that the state court made at the Plaintiffs' preliminary hearing does not carry preclusive effect in the instant case." *Sykes*, 625 F.3d at 310 n.8 (quoting *Peet v. City of Detroit*, 502 F.3d 557, 566 (6th Cir. 2007)). As the Magistrate Judge found:

> [i]n such cases, there is no identity of issues between the two proceedings because the plaintiff's "[are] not attempting to relitigate the identical issue of whether probable cause exists [in the malicious prosecution action]; rather, they [are] arguing that the officers misstated material facts in order to establish probable cause at the state level."

(Doc. No. 53, at 17 (quoting *Darrah v. City of Oak Park*, 255 F.3d 301, 311 (6th Cir. 2001)).) The Magistrate Judge also concluded that the same principle applies under Tennessee law as well. (*See id.* at 18 (citing *Dickson v. Godfrey*, 825 S.W.2d 692, 694 (Tenn. 1992)).)

The defendants now contest that conclusion, at least insofar as it applies to the state law malicious prosecution claim, but without actually citing any Tennessee caselaw in support of their position. They argue that, "if a Tennessee court were faced with [the] argument," it would *likely* hold that merely lying at a preliminary hearing would not be sufficient to avoid the application of collateral estoppel. (Doc. No. 54, at 7.) And they speculate that, even without Pearce's allegedly false testimony, the General Sessions Judge who presided over Hicks's preliminary hearing could have found that probable cause existed based solely on the eyewitness testimony.

The court finds that this argument may be raised in the context of a motion for summary judgment, but it does not offer a basis for rejecting the Magistrate Judge's determination that dismissal at this juncture is not warranted. This objection will be overruled.

### D. The Preliminary Hearing Transcript

In their Reply brief in support of their Motion to Dismiss, the defendants reference the transcript of the preliminary hearing and state that the court can take judicial notice of it and consider it in the context of ruling on their Motion to Dismiss. (Doc. No. 40, at 4.) The Magistrate Judge declined the invitation to consider the transcript, noting that, while it *could* consider the transcript without converting the motion into one for summary judgment, the transcript had been filed by the defendants in support of their response in opposition to a different motion, and the defendants did not expressly ask the court to consider it or explain "why the Court should do so when the transcript was filed in the context of a different motion, was not relied on in their motion to dismiss, and was raised for the first time in their reply brief for that motion." (Doc. No. 53, at 15–16 n.6.)

In their Objections, the defendants do not assert that the Magistrate Judge erred as a matter of law in declining to consider the transcript. Rather, they "contend that the Court should consider the transcript" in ruling on the Motion to Dismiss. (Doc. No. 54, at 10.) They attempt to explain why they did not file or cite it earlier, raising arguments that they did not present to the Magistrate Judge. The court will not consider arguments raised for the first time in Objections to the R&R and, in any event, finds that the Magistrate Judge correctly stated and considered the law in declining to consider the transcript. This objection, too, will be overruled.

## IV. CONCLUSION AND ORDER

For the reasons set forth herein, the defendants' Objections (Doc. No. 54) are **OVERRULED**, and the court **ACCEPTS** the R&R in its entirety. Accordingly:

(1) the Motion to Dismiss (Doc. No. 18) filed by defendants Judge Gay and the State of Tennessee is **GRANTED**, and the claims against those defendants are **DISMISSED**;

(2) the Motion to Dismiss (Doc. No. 24) filed by defendants Melissa Pearce and Blake Riley is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED**, insofar as it seeks dismissal of the false arrest claims under 42 U.S.C. § 1983 and state law, and **DENIED** to the extent it seeks dismissal of the § 1983 and state law malicious prosecution claims against Pearce and Riley.

The latter claims remain pending, as do the claims against defendants City of Millersville and Dustin Carr.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge