UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MASON ROBERT JAMES HICKS, | |
| Plaintiff, | No. 3:21-cv-00837 |
| v. | Judge Aleta A. Trauger |
| | Magistrate Judge Alistair E. Newbern |
| CITY OF MILLERSVILLE et al., | |
| Defendants. | |

To: The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

Pro se plaintiff Mason Robert James Hicks brings this action alleging that his civil rights were violated by the City of Millersville, Tennessee, and several of its police officers when he was arrested and prosecuted for mailbox tampering. (Doc. No. 1.) The City has filed a motion for summary judgment (Doc. No. 41) under Federal Rule of Civil Procedure 56 to which Hicks has responded in opposition (Doc. No. 50). For the reasons that follow, the Magistrate Judge recommends that the City's motion be denied without prejudice to refiling a properly supported motion for summary judgment or a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

**I.     Relevant Background**

Hicks alleges that, on March 18, 2019, officers from the Millersville Police Department came to his residential neighborhood to investigate a report of a suspicious person looking into mailboxes. (Doc. No. 1.) Hicks alleges that, without a valid warrant or probable cause, the officers arrested him and charged him with mailbox tampering. (*Id.*) A grand jury later indicted Hicks on four counts of mailbox tampering, but the indictment was ultimately dismissed at the request of

the Sumner County District Attorney. (*Id.*) Hicks asserts claims against the individual officers and the City under § 1983 and the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. §§ 29-20-201 et seq.

The City answered Hicks's complaint (Doc. No. 27) and, soon thereafter, filed its motion for summary judgment (Doc. No. 41). The City's motion is accompanied by a memorandum of law (Doc. No. 45-1), a statement of undisputed material facts (Doc. No. 42), a transcript of the preliminary hearing held in Hicks's underlying criminal matter (Doc. No. 43-1), and the affidavit supporting the criminal complaint (Doc. No. 43-2). Hicks has responded in opposition to the City's motion (Doc. No. 50) and its statement of undisputed material facts (Doc. No. 51). The City did not file an optional reply.

## II.     Legal Standard

Federal Rule of Civil Procedure 56(a) directs that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Harris v. Klare*, 902 F.3d 630, 634–35 (6th Cir. 2018). The party moving for summary judgment has the initial burden of identifying portions of the record that demonstrate the absence of such disputes. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 627–28 (6th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)).

Under Rule 56(c)(1)(A), a party asserting that a fact is not genuinely disputed may support that assertion by citing particular materials in the record including, but not limited to, depositions, documents, affidavits, or declarations. Fed. R. Civ. P 56(c)(1)(A). Alternatively, under Rule 56(c)(1)(B), a party can show "that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B); *see also Moldowan v. City of Warren*, 578 F.3d 351,

374 (6th Cir. 2009) ("If the moving party seeks summary judgment on an issue for which it does not bear the burden of proof at trial . . . , the moving party may meet its burden by showing 'that there is an absence of evidence to support the nonmoving party's case.'" (quoting *Celotex Corp.*, 477 U.S. at 325)).

This Court's Local Rule 56.01 requires that any motion for summary judgment "be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." M.D. Tenn. R. 56.01(b) (statement of undisputed material facts). It further provides that "[e]ach fact must be set forth in a separate, numbered paragraph . . . [and] be supported by specific citation to the record." *Id.* This is intended to "'prevent parties from unfairly shifting the burdens of litigation to the court[,]'" *Matthews v. Copeland*, 286 F. Supp. 3d 912, 916 (M.D. Tenn. 2017) (quoting *Caban Hernandez v. Philip Morris USA, Inc.*, 486 F.3d 1, 7 (1st Cir. 2007)), and to ensure that a party opposing a motion for summary judgment has adequate notice of and an opportunity to respond to the moving party's claim that certain facts are undisputed.

**III.    Analysis**

The City supports its asserted undisputed material facts by citing materials in the record and, thus, appears to be proceeding under Rule 56(c)(1)(A). However, none of the materials on which the City relies is competent evidence at summary judgment. Specifically, the City cites only Hicks's unverified complaint (Doc. No. 1) to support its statement of undisputed material facts. (Doc. No. 4.) It cites only Hicks's unverified complaint and its own answer (Doc. No. 27) to support its accompanying memorandum of law. (Doc. No. 45-1.) Although the City filed the transcript of Hicks's preliminary hearing and the affidavit supporting the criminal complaint with its motion for summary judgment, it does not cite either document in its legal argument or as support for its statement of undisputed material facts.

It is well established that unsworn factual allegations are not evidence that can be considered at summary judgment. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158 n.17 (1970) (finding that an unsworn statement did not meet the requirements of Rule 56). While a pleading signed "under penalty of perjury . . . carries the same weight as would an affidavit for the purposes of summary judgment[,]" *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008), "'mere allegations or denials' in unverified pleadings" like Hicks's complaint and the City's answer do not, *King v. Harwood*, 852 F.3d 568, 578 (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 385 (6th Cir. 1999) (en banc)). Because the City relies on unsworn pleadings as its only supporting record evidence, its motion is procedurally inadequate under Rule 56 and Local Rule 56.01.

When a motion for summary judgment "is made solely on the basis of one or more pleadings, it is equivalent to a motion under Rule 12(b)(6) for a dismissal for failing to state a claim for relief or under Rule 12(c) for a judgment on the pleadings and should be treated as such." 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2722 (4th ed. updated Apr. 2022). It would not be appropriate to consider the City's motion as one to dismiss under Rule 12(b)(6) in this case, however, because the City has answered Hicks's complaint. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 n.1 (6th Cir. 1988) (holding that, "after defendant filed an answer to plaintiff's complaint . . . a motion under Rule 12(b)(6) could not properly lie because Rule 12(b) requires that '[a] motion making any of these defenses shall be made before pleading'" (second alteration in original) (quoting Fed. R. Civ. P. 12(b) (1988))). Likewise, it would not be appropriate to treat the City's motion as one for judgment on the pleadings under Rule 12(c) because the City has filed documents outside the pleadings in support of its motion (although, as already set out, it does not show how those documents support its motion). *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside

the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 405 (6th Cir. 2012) ("A district court [considering a Rule 12(c) motion] generally may only consider matters outside the pleadings if they treat the motion 'as one for summary judgment under Rule 56.'" (quoting *id.*)). Further, although Hicks has responded to the City's motion for summary judgment, he has not had the opportunity to respond to that motion under the standard of Rule 12, which requires that a court "construe the complaint in the light most favorable to the plaintiff, accept all well pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016).

IV.  **Recommendation**

Because the City's motion is not properly considered under Rule 56, Rule 12(b)(6), or Rule 12(c), the Magistrate Judge RECOMMENDS that it be DENIED WITHOUT PREJUDICE to refiling as a properly supported motion for summary judgment or a properly identified motion for judgment on the pleadings.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 18th day of January, 2023.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge